UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DEWEY ADDINGTON,

        Plaintiff,

v.                                                          Case No. 08-C-81

WAUPACA COUNTY SHERIFF'S DEPT., et al.,

        Defendants.

**ORDER**

Plaintiff Addington has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Addington alleges that on October 12, 2006, while at the Waupaca County Jail, he was refused treatment for an injury to his

shoulder. Although the complaint at least states the barest basics of a claim for a violation of the Fourteenth Amendment (deliberate indifference), it does not provide any information as to which defendants may have been involved in denying medical treatment. "In addition to the element of deliberate indifference, § 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). As to supervisory defendants, "although direct participation is not necessary, there must at least be a showing that [they] acquiesced in some demonstrable way in the alleged constitutional violation." *Id.*

Accordingly, the complaint will be dismissed without prejudice. The plaintiff may file an amended complaint, within 21 days, in which he explains how each of the named defendants were involved in the denial of his medical care. The explanation need not be detailed, but it must suffice to allow the court to determine whether the complaint states a claim for deliberate indifference against each defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the filing fee is waived.

**IT IS FURTHER ORDERED** that the complaint is dismissed without prejudice; the plaintiff may file an amended complaint in accordance with the above instructions within 21 days of the date of this order.

Dated this   31st   day of January, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
